# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs September 1, 2015


## STATE OF TENNESSEE v. STACEY PHILANDER BALDON

### Appeal from the Circuit Court for Lauderdale County
### No. 5205, 6755    Joe H. Walker, III, Judge

_____


### No. W2015-00821-CCA-R3-CD  -  Filed October 23, 2015
_____


Timothy L. Easter, J., concurring.

I concur with the results of the majority, but from a somewhat different view.  I agree the arrival of Rule 36.1 has produced an anathema.  I further agree that the trial court misapprehended Defendant's claim as one that would result in permissive sentence alignment.

I differ from the majority on Defendant's 1999 cocaine possession conviction.  If Defendant's claims regarding his widespread criminal sentences are to be taken in the light most favorable to him, his claim produces the off-beat result of unexpired sentences[1] and we are obliged to allow him an amended Judgment to reflect that which he deserves and claims to crave—an automatic consecutive twelve-year sentence for the 1999 jury verdict conviction.  Nothing about Defendant's claim would allow for a re-sentencing or retrial of this conviction.  The weapons plea poses a different inquiry and further proceedings may be needed to test the material component question for that sentence only.


_____
TIMOTHY L. EASTER, JUDGE


_____

[1] Defendant received a ten-year sentence in 1989.  According to Defendant, he only served three years before being paroled in 1992, leaving seven years left to be served.  He received a twelve-year sentence in 1999, thus rendering a consecutive sentence of nineteen years which will not expire until the year 2018.